UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, Successor Trustee to Bank of America, N.A. as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Asset-Backed Certificates, Series 2007-3,<br>　　　　　　　　　Plaintiff<br><br>v.<br><br>MARK MILLIS, et al.,<br>　　　　　　　　　Defendants, | CIVIL ACTION NO. 1:25-CV10373 |

**MOTION OF DEFENDANT TO DISMISS COMPLAINT FOR LACK OF STANDING AND INCORPORATED MEMORANDUM OF LAW**

NOW COMES the Defendant, Mark Millis, and hereby moves this Honorable Court, pursuant to Fed. R. Civ. Pro. 12(b)(6), for an Order dismissing the above-captioned civil action for the lack of proper standing of the Plaintiff to prosecute this action. As grounds therefor, the Defendant hereby states as follows: hereby alleges as follows:

**INTRODUCTORY STATEMENT**

1.　　In this civil action, the Plaintiff, U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A. as Trustee for Merrill Lynch First Franklin Mortgage loan Trust, Mortgage Asset-Backed Certificates, Series 2007-3 (the "Plaintiff") is seeking to foreclose by action a mortgage originated by First Franklin Financial Corporation, an Operating Subsidiary of MLB&T Co., FSB in 2007.

2. For reasons that are clear from an examination of the exhibits attached to the Plaintiff's Verified Complaint, the Plaintiff is not the current and rightful holder of the mortgage instrument that is the basis for this civil action. As a consequence, thereof, the Plaintiff lacks the necessary standing to bring this action in the first place and therefor the civil action must be dismissed, pursuant to Fed. R. Civ. Pro. 12(b)(6).

## STATEMENT OF FACTS

3. According to the Plaintiff's Complaint, on March 23, 2007, Mr. Millis, in exchange for a loan of $514,000.00, executed and delivered a promissory note in a like amount payable to a "First Franklin Financial Corp., Op. Sub. Of MLB&T Co., FSB"[1] and granted, as security therefor a mortgage (the "Mortgage") on his home at 110 St. Clair Street in Braintree, Massachusetts (the "Property").[2] The Mortgage named Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for the mortgage named in the instrument. The mortgage was recorded with the Norfolk County Registry of Deeds on March 27, 2007.

4. Thereafter, on July 23, 2008, an Assignment of Mortgage was thereafter recorded by MERS in the Norfolk County Registry of Deeds to "**LaSalle Bank National Association as Trustee for Merrill Lynch Mortgage Investors Trust 2007-3,**

---

[1] *See* Exhibit "A" to the Plaintiff's Verified Complaint, ECF Doc. No. 2-1.

[2] *See* Exhibit "B" to the Plaintiff's Verified Complaint, ECF Doc. No. 2-1.

**Mortgage Loan Asset-Backed Certificates, Series 2007-3**". (the "LaSalle Bank Assignment"). (Emphasis supplied).\3

5. Thereafter, LaSalle Bank National Association was merged into the Bank of America, N.A. on or about October 17, 2008 and a certificate memorializing this event was thereafter recorded with the Norfolk County Registry of Deeds on April 14, 2010.\4

6. Contemporaneously with the foregoing events, on November 18, 2008, Mr. Millis filed a Petition for Relief of the Bankruptcy Code with the U.S. Bankruptcy Court for the District of Massachusetts as Case No. 08-18798 (the "Bankruptcy Case") and sought relief under Chapter 13.\5 In the Bankruptcy Case, **LaSalle Bank National Association as Trustee for Merrill Lynch Mortgage Investors Trust 2007-3, Mortgage Loan Asset-Backed Certificates, Series 2007-3** entered its appearance in the Bankruptcy Case and sought Relief from the Automatic Stay to

---

3/ *See* Exhibit "C" to the Plaintiff's Verified Complaint, ECF Doc. No. 2-1. It must be noted at the outset that the named Trust identified in the LaSalle Assignment does ***not*** match the identified Trust for whom the Plaintiff brings this Civil Action. That alone would prevent the Plaintiff from claiming the necessary legal standing to initiate this suit. However, this is not the end of the defects in the "chain of title" to the Mortgage.

4/ *See* Exhibit "D" to the Plaintiff's Verified Complaint, ECF Doc. No. 2-1.

5/ Initially, Mr. Millis filed for relief under Chapter 7 but quickly moved to convert the case to a Wage Earner Debt Adjustment under Chapter 13 on December 9, 2008. *See* ECF Doc. No. 15 in Case No. 08-18798. The Court, in considering this Motion, may take judicial notice of the judicial records of sister Federal Court within this jurisdiction including the docket of in the Bankruptcy Court of this District.

foreclose upon the Mortgage to the Property and such Motion was later allowed on August 10, 2009.[6]

7. However, Mr. Millis was not able to sustain his efforts at reorganizing his debts and voluntarily converted his case to a Chapter 7 Liquidation on April 9, 2009. Thereafter, Mr. Millis received a Discharge of Debts, including the debt that was secured by the Mortgage, on November 27, 2009.[7] As a result of the Order of Chapter 7 Discharge of Debts, the Mortgage effectively became a non-recourse obligation with respect to the named mortgagee and its proper assigns.

8. While Mr. Millis' bankruptcy case was proceeding, MERS thereafter, on September 22, 2009, issued a "Corrective Assignment of Mortgage" (the "Corrective Assignment") attempting to *retroactively* amend the LaSalle Assignment to name the assignee listed in that assignment as "U.S. Bank, National Association as successor trustee to Bank of America, N.A. as successor by merger to LaSalle Bank N.A, as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-3".[8] According to the Corrective Assignment, was submitted in order to "correct" the LaSalle Assignment "which noted an incomplete assignee"[9] The Corrective

---

[6]  See ECF Doc. No.'s 11 and 106 in Bankruptcy Case No. 08-18798.

[7]  See ECF Doc. No.'s 77 and 112 in Bankruptcy Case No. 08-18798.

[8]  See Exhibit "E" to the Plaintiff's Verified Complaint, ECF Doc. No. 2-1.

[9]  The Corrective Assignment ostensibly seeks to correct the misidentification of the securitized trust into which the Mortgage is "pooled" from the "Merrill Lynch ***Mortgage Investors Trust 2007-3***, Mortgage Loan Asset-Backed Certificates, Series 2007-3" to the

-4-

Assignment was actually recorded on February 2, 2010 with the Norfolk County Registry of Deeds.

9. Meanwhile, on March 25, 2011, the Bank of America, N.A. and U.S. Bank National Association executed an agreement, entitled "Termination of Trust Administration Agreements and Assumption of Duties and Obligations by U.S. Bank National Association" (the "Termination Agreement"),[10] whereby the Bank of America, N.A. effectively turned over its responsibilities and rights to administer a number of securizited mortgage loan trusts to U.S. Bank National Association with the listing of the names identifying those trust on "Schedule 1". Unfortunately, neither "Merrill Lynch Mortgage Investors Trust 2007-3, Mortgage Loan Asset-Backed Certificates, Series 2007-3" nor "Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-3" are listed in Schedule 1 of the Termination Agreement.[11]

---

"Merrill Lynch *First Franklin Mortgage Loan Trust*, Mortgage Loan Asset-Backed Certificates, Series 2007-3" (Emphasis supplied). However, in so doing, the Corrective Assignment then also seeks to change the named Trustee of the securitized Trust from LaSalle Bank to "U.S. Bank, National Association as successor trustee to Bank of America, N.A. as successor by merger to LaSalle Bank N.A"  It is worth noting at this point in this saga that the LaSalle Assignment does not mention "U.S. Bank National Association as successor Trustee" *at all*.

[10]/   *See* Exhibit "G" to the Plaintiff's Verified Complaint, ECF Doc. No. 2-1, at pp. 39.

[11]/   *See* Exhibit "G" to the Plaintiff's Verified Complaint, ECF Doc. No. 2-1, at pp. 42-43. The closest the "Schedule 1" comes to properly identifying the trusts that are *actually* named and identified in either the LaSalle Assignment or Corrective Assignment  (that is, is "Merrill Lynch Mortgage Investors Trust 2007-3, Mortgage Loan Asset-Backed Certificates, Series 2007-3" and "Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-3") are "Merrill Lynch Mortgage Investors, *Inc.* 2007-*HE3*" and "Merrill Lynch First Franklin Mortgage Loan Trust 2007-3". (Emphasis supplied). Neither of these entities matches the those on either the LaSalle Assignment or Corrective Assignment. Furthermore, it is worth noting at this point in the

10. Thereafter, on October 13, 2011, on the basis of the Corrective Assignment, U.S. Bank, National Association, in its capacity as "successor trustee to Bank of America, N.A. as successor by merger to LaSalle Bank N.A, as Trustee for ***Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-3***" conducted a foreclosure auction under the Power of Sale contained in the Mortgage issued by Mr. Millis. In such capacity U.S. Trust was the putative successful bidder at the auction. On November 14, 2011 U.S. Bank recorded a foreclosure deed to the Property.[12]

11. Thereafter, and for a period of approximately eleven (11) years, ***nothing*** was done by the Plaintiff to correct the foregoing issues identified, until September 29, 2022, when in anticipation of a Summary Process proceeding against Mr. Millis so as to evict him from the Property, an independent attorney for the mortgage servicer for the Plaintiff determined that the Corrective Assignment was, in point of fact, ***legally defective*** because MERS, at the time that the Corrective Assignment, was recorded, was ***not*** the actual holder of the Mortgage, and that, consequently, on that basis, ***both*** the Foreclosure Sale ***and*** the Foreclosure Deed were ***invalid.*** An Affidavit to that effect was recorded with the Norfolk Registry

---

timeline that the Termination Agreement and its referenced "Schedule 1"were ***not actually recorded*** with the Norfolk Registry of Deeds until ***October 24, 2024***, some ***16 years*** after the LaSalle Assignment was recorded and ***14 years*** after the Corrective Assignment was recorded.

[12]  *See* Exhibit "H" to the Plaintiff's Verified Complaint, ECF Doc. No. 2-1, at pp. 44-46.

of Deeds on October 5, 2022.[13] Upon the discovery of **this particular** defect in the title to the Mortgage,[14] the Plaintiff dismissed the Summary Process Action.

12. It is only now, in 2025, ***two (2) years after*** the aborted Summary Process Proceeding seeking to evict Mr. Millis, and some ***fourteen (14) years*** after the Plaintiff conducted its abortive foreclosure auction, predicated upon an ***invalid*** Corrective Assignment recorded ***some fifteen (15) years ago*** which Corrective Assignment purported to amend and fix the original LaSalle Assignment that itself was patently defective requiring correction in the first place which was recorded ***some seventeen (17) years ago***, that the Plaintiff in its capacity as "Successor Trustee to Bank of America, N.A. as Trustee for Merrill Lynch First Franklin Mortgage loan Trust, Mortgage Asset-Backed Certificates, Series 2007-3" now seeks to foreclose upon the Mortgage by Action.

13. The only remaining problem however is that, at present, the Plaintiff, based upon the tortured chain of title set forth above as contained in the Norfolk Registry of Deeds and as evidenced by the Exhibits appended to the Plaintiff's Verified Complaint, simply does ***not*** hold proper title the Mortgage. Consequently, it lacks the necessary legal standing to proceed with this action.

---

[13]/ *See* Exhibit "F" to the Plaintiff's Verified Complaint, ECF Doc. No. 2-1.

[14]/ It is worth noting that at this point in the timeline that, solely based on the documents then recorded with the Norfolk Registry of Deeds as of the Autumn of 2022, the Attorney Affiant of this Affidavit would not have then been aware of the other title defects that would only come to light with the recording of the Termination Agreement that was then to be recorded two (2) years in the future.

**BASIS OF RELIEF REQUESTED**
**DISMISSAL FOR LACK OF STANDING TO PROCEED WITH THIS ACTION**

14. In considering a Motion to Dismiss under Fed. R. Civ. Pro. 12(b)(6), this court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom."[15] Furthermore, all exhibits either attached to the complaint or otherwise incorporated by reference thereto are considered a constituent part the complaint itself and, as such, may be considered when passing on the merits of a motion to dismiss.[16] Conversely, any "legal labels and conclusions," used by the plaintiff within the four corners of the complaint, are to be "isolate[d] and ignore[d]" when considering a motion to dismiss.[17]

15. Consequently, while the plaintiff must state sufficient facts to state a claim that appears plausible on its face,[18] dismissal becomes the court's appropriate course of action when a plaintiff's supposedly "well-pled facts" contained in its

---

[15] **Ruiz v. Bally Total Fitness Holding Corp.**, 496 F.3d 1, 5 (1st Cir. 2007) (*citing* **Rogan v. Menino**, 175 F.3d 75, 77 (1st Cir. 1999)).

[16] **Trans-Spec Truck Serv. v. Caterpillar**, 524 F.3d 315, 321 (1st Cir. 2008).

[17] **Schatz v. Republican State Leadership Committee**, 669 F.3d 50, 55 (1st Cir. 2012); *Cf.* **Haag v. United States**, 736 F.3d 66, 69 (1st Cir. 2013) ("Although we view all well-pleaded facts in the light most favorable to the non-moving party, 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.'") (*quoting* **Ashcroft v. Iqbal**, 556 U.S. 662, 678)(2009) (*quoting* **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 556 (2007)).

[18] **Twombly**, *Id.* at 570.

complaint, when taken as a whole, still fail to "possess enough heft to show that plaintiff is entitled to relief."[19]

16. With respect to the applicable law, it is worth stating the obvious at the outset that the Court's subject-matter jurisdiction is ***not*** based upon there being any "federal question" in controversy, only that there exists putative diversity of citizenship between the parties and that the "claim" of the Plaintiff putatively exceed $75,000.00, even though no actual money judgment can be issued in this case due to the Defendant's bankruptcy discharge in 2007.[20] Perhaps more importantly, the matter at issue is decided by reference wholly and solely to Massachusetts state law.

17. It has been long held by the Massachusetts Supreme Judicial Court that, in order to foreclose upon a mortgage issued with respect to Massachusetts real estate, whether, as here, by action under Mass. Gen. Laws Ch. 244, § 8, or by power of sale under Mass. Gen. Laws Ch. 244, § 14, the party conducting the foreclosure sale or action must clearly show that they hold lawful title to the mortgage instrument and can provide the court with a ***clear*** chain of title to that mortgage instrument.[21] A failure to properly follow the procedure for foreclosing on a

---

[19]/ **Ruiz Rivera v. Pfizer Pharms., LLC**, 521 F.3d 76, 84 (1st Cir. 2008) (quotations omitted).

[20]/ *See supra* Footnote 7.

[21]/ *See* **Ibanez v. U.S. Bank National Association, Trustee, et al.**, 458 Mass. 637, 647 (2011) ("Any effort to foreclose by a party lacking 'jurisdiction and authority' to carry out a foreclosure under these statutes is void." **Chace v. Morse**, 189 Mass. 559, 561 (1905), *citing* **Moore v. Dick**, *supra*. *See* **Davenport v. HSBC Bank USA**, 275 Mich.

mortgage in Massachusetts will result in any party that is subsequent to the foreclosure action in the chain of title, even if they are a complete stranger to the foreclosure process, to be unable to acquire the status of a "Bona Fide Purchaser for Value" of the property in question if the public record shows *any* defect in the chain of title to the mortgage instrument.[22]

18. In the present case, the defects in the chain of title to the mortgage instrument to 110 St. Clair Street in Braintree, Massachusetts are numerous, patent and severe. First, working chronologically backwards from the present time, the transfer of the various securitized "trusts" listed in the "Schedule 1" referenced in the Trust Administration Agreement from Bank of America, N.A. to U.S. Bank National Association (as set forth in the Plaintiff's Exhibit "G"), and fails to list the securitized trust for which the Plaintiff has brought this action, namely the "Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Asset-Backed Certificates, Series 2007-3". It lists many other securitized trusts *but none that actually match* the name by which the plaintiff initiated this action.

---

App. 344, 347-348 (2007) (attempt to foreclose by party that had not yet been assigned mortgage results in "structural defect that goes to the very heart of defendant's ability to foreclose by advertisement," and renders foreclosure sale void)."). *See also* **Bank of New York v. Raftogianis**, 13 A.3d 435, 455 (N.J. Super. Ct. Ch. Div. 2010) (If an institution attempting to bring a foreclosure complaint is not the original mortgagee on the mortgage document, it must prove the entire chain-of-title, establishing how it came into interest of the note and mortgage, similar to Massachusetts.))

[22]   *See* **Bevilacqua v. Rodrigeuz**, 955 N.E.2d 884, 896-97 (Mass. 2011), (recognizing that the effect of recordation is to put the world on notice of any chain of title defect in a recorded mortgage).

19. Next, again working chronologically backwards, the "Corrective Assignment" illustrates not just one issue, but two: that MERS did not properly identify the trust into which the Mortgage was to be deposited, but also to attempt to assign that mortgage from LaSalle Bank to "U.S. Bank, National Association as successor trustee to Bank of America, N.A. as successor by merger to LaSalle Bank N.A", even though the LaSalle Bank Assignment never mentions U.S. Bank at all. But even this "Corrective Assignment" to "U.S. Bank, National Association as successor trustee to Bank of America, N.A. as successor by merger to LaSalle Bank N.A" was deemed by the Plaintiff's mortgage servicer, Nationstar Mortgage, to be defective in 2022 because MERS, at the time of the recordation of the "Corrective Assignment" in 2010, MERS no longer had title to the Mortgage.

20. Finally, the very fact that MERS believed that the title provided in the LaSalle Assignment, was so defective because of the misidentification of the assignee trust contained in the LaSalle Assignment, that, even two years after the LaSalle Assignment was recorded in 2008, it felt the need to record a "Corrective Assignment" *in the first place*, calls into serious question the current validity of even the LaSalle Assignment.

21. Consequently, the likelihood is that the LaSalle Assignment is not valid precisely because Corrective Assignment, albeit invalid for other reasons due to the passage of time, *still* makes clear the original LaSalle Assignment was, itself, defective, because the LaSalle Assignment misidentifies the name of the securitized mortgage trust. Therefore, title to the mortgage would then necessarily revert title

*not* to "LaSalle Bank National Association as Trustee for Merrill Lynch Mortgage Investors Trust 2007-3, Mortgage Loan Asset-Backed Certificates, Series 2007-3" as claimed in the "Affidavit of Invalid Foreclosure/Ineffective Foreclosure Deed under M.G.L. C.183 § 5B"\23 , but likely the originator of the Mortgage in the first place, "First Franklin Financial Corp., an Operating Subsidiary of MLB&T Co., FSB" for whom MERS acted as nominee. Unfortunately, it is well known, and this Court may take judicial notice of the fact that First Franklin Financial Corp., as of 2022, after being acquired by Merrill Lynch in 2006, and data breach that exposed personally identifiable information about customers in 2022, is no longer in business.\24

**CONCLUSION**

22. Given the concatenation of defects in the chain of title to the Mortgage, it is made abundantly clear that the Plaintiff, while it may be the putative "trustee" of a long list of securitized mortgage trusts, it is *not* the trustee of any securitized mortgage trusts in the chain of title of the Mortgage in question as recorded with the Norfolk County Registry of Deeds. Consequently, the Plaintiff lacks the necessary required standing in order to be able to prosecute this civil action. Therefore, the

---

23/ *See* Exhibit "F" to Plaintiff's Verified Complaint at ECF Doc. No. 2-1, pp. 35. Moreover, even if the person signing the Affidavit of Invalid Foreclosure/Ineffective Foreclosure Deed under M.G.L. C.183 § 5B were correct in its contention that title to the Mortgage reverted to the securitized mortgage trust with the name of "Merrill Lynch Mortgage Investors Trust 2007-3, Mortgage Loan Asset-Backed Certificates, Series 2007-3", that is *not* the name of the securitized mortgage trust on whose behalf the Plaintiff has commenced this action.

24/ *See* https://en.wikipedia.org/wiki/First_Franklin_Financial_Corp.

-13-

verified complaint should be dismissed for failure to state a claim for which relief may be granted under Fed. R. Civ. P. 12(b)(6).

WHEREFORE, the Defendant, Mark Millis, hereby requests that the Court issue an Order:

1. Dismissing the Plaintiff's Verified Complaint with prejudice; and

2. For such other and further relief as the court deems just and proper.

MARK MILLIS, Defendant,
By his attorney,

Date: March 24, 2025

/s/ Richard N. Gottlieb, Esq.
Richard N. Gottlieb, Esq. BBO #547970
Law Offices of Richard N. Gottlieb
Ten Tremont Street
Suite 11, 3rd Floor
Boston, MA 02108
(617) 742-4491
rnglaw@verizon.net

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, Successor Trustee to Bank of America, N.A. as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Asset-Backed Certificates, Series 2007-3,<br>　　　　　　　　　Plaintiff<br><br>v.<br><br>MARK MILLIS, et al.,<br>　　　　　　　　　Defendants, | CIVIL ACTION NO. 1:25-CV10373 |

## CERTIFICATE OF SERVICE

　　　　I, Richard N. Gottlieb, Esq., hereby certify that I have this day served a copy of the Motion of Defendant Mark Millis to Dismiss Verified Complaint for lack of Standing and Incorporated Memorandum of Law, via the Court's CM/ECF Electronic Messaging System and by USPS First-Class Mail to the persons listed below.

Date: March 24, 2025　　　　　　　　　　　/s/ Richard N. Gottlieb, Esq.
　　　　　　　　　　　　　　　　　　　　Richard N. Gottlieb, Esq. BBO #547970
　　　　　　　　　　　　　　　　　　　　Law Offices of Richard N. Gottlieb
　　　　　　　　　　　　　　　　　　　　Ten Tremont Street
　　　　　　　　　　　　　　　　　　　　Suite 11, 3rd Floor
　　　　　　　　　　　　　　　　　　　　Boston, MA 02108
　　　　　　　　　　　　　　　　　　　　(617) 742-4491
　　　　　　　　　　　　　　　　　　　　rnglaw@verizon.net

Persons Served:

| | |
|---|---|
| **Brian C. Linehan, Esq.**<br>Counsel to U.S. BANK, NATIONAL ASSOCIATION, Successor Trustee to Bank of America, N.A. as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Asset-Backed Certificates, Series 2007-3<br>Doonan Graves & Longoria, LLC<br>100 Cummings Center<br>Suite 303C<br>Beverly, MA 01915 | **Capital One, National Association. successor-by-merger to Capital One Bank USA, N.A.**<br>1680 Capital One Drive<br>McLean, VA 22102 |

-14-