# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____X

**U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A., as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Asset-Backed Certificates, Series 2007-3,**

                **Plaintiff,**             **CIVIL ACTION NO.: 25-CV-10373-JCB**

**v.**

**Mark Millis,**

                **Defendant,**

**and**

**Capital One, National Association, successor-by-merger to Capital One Bank USA, N.A.,**

                **Party-In-Interest.**

_____X

## MEMORANDUM IN OPPOSITION TO THE MOTION OF DEFENDANT TO DISMISS COMPLAINT FOR LACK OF STANDING

NOW COMES the Plaintiff, U.S. Bank National Association ("U.S. Bank"), Successor Trustee to Bank of America, N.A., as successor to LaSalle Bank, N.A., as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Asset-Backed Certificates, Series 2007-3 (the "Trust"), by and through their attorneys, Doonan, Graves & Longoria LLC, hereby submit the following Memorandum in Opposition to the Motion of Defendant to Dismiss Complaint for Lack of Standing ("Motion").

## I.        INTRODUCTION

This judicial foreclosure action arises out of a mortgage on the property located at 110 St. Claire Street, Braintree, MA (the "Property") given by Mark Millis to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for First Franklin Financial Corp., an Op. Sub. of MLB&T Co., FSB ("First Franklin"), dated March 23, 2007, and recorded with the Norfolk County Registry of Deeds

in Book 24651, Page 458 ("Millis Mortgage").[1] U.S. Bank is the current mortgagee of the Millis Mortgage and the holder/owner of the Promissory Note secured thereby.[2] U.S. Bank commenced the instant action seeking foreclosure related relief as a result of the Defendant's default under the terms of the Millis Mortgage Loan Contract.

The Defendant seeks to dismiss the instant action by challenging U.S. Bank's standing to foreclose. The Defendant's Motion is premised upon a misinterpretation of the effect of the Assignment of Mortgage, the Corrective Assignment of Mortgage, and the Affidavit Regarding the Appointment of a Successor Trustee ("Successor Trustee Affidavit"), which arises out of a scrivener's error in the description of the Trust as set forth in the Assignment of Mortgage. The Assignment of Mortgage describes the Trust as "Merrill Lynch Mortgage Investors Trust 2007-3, Mortgage Loan Asset-Backed Certificates, Series 2007-3;"[3] however, under Section 2.01 of the Pooling and Servicing Agreement ("PSA") the Assignment of Mortgage should have described the Trust as "Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-3."[4,5] The scrivener's error is the result of the drafter describing the Trust using the name of the Depositor, which is "Merrill Lynch Mortgage Investors Trust, Inc.," as opposed to the name of the Trust itself.[6] As set forth more fully below, the scrivener's error in the Assignment of Mortgage does not affect U.S. Bank's standing to foreclose, and the documents of public record

---

[1] *See* Compl., Exhibit B, Millis Mortgage, ECF Doc. No. 2-1 at 7.

[2] *See id.*; Compl., Exhibit C, Assignment of Mortgage, ECF Doc. No. 2-1 at 26; Compl., Exhibit D, Ass't Sec. Cert. of Merger, ECF Doc. No. 2-1 at 29; Compl., Exhibit G, Aff. of App't of Succ. Tr., ECF Doc. No. 2-1 at 37; *see also* Compl., Exhibit E, Corr. Assignment of Mortgage, ECF Doc. No. 2-1 at 32.

[3] *See* Compl., Exhibit C, Assignment of Mortgage, ECF Doc. No. 2-1 at 26.

[4] *See* Exhibit 1, PSA at 70-71 §§ 2.01 (true and correct excerpts from the PSA providing the name of the Trust to which the Millis Mortgage was to be assigned are attached hereto and incorporated herein).

[5] Although not attached as an exhibit to the Complaint, the PSA is a document of public record that is available at https://www.sec.gov/Archives/edgar/data/1398697/000095012307008664/0000950123-07-008664-index.html    (last visited Apr. 2, 2025). As such, the Court may consider the PSA in resolving the Defendant's Motion to Dismiss. *see Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)(although the court may not typically consider documents that are not attached to the complaint in resolving a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "courts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to the plaintiffs' claims; or for documents sufficiently referred to in the complaint.").

[6] *Cf.* Exhibit 1 at 1 (identifying the Depositor under the PSA).

are sufficient to demonstrate that U.S. Bank is the successor Trustee of the Trust. For these reasons, the Defendant's Motion should be denied.

## II.    LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) allows for the dismissal of a complaint that fails to state a claim upon which relief can be granted. Dismissal is appropriate when the complaint fails to plead sufficient facts demonstrating a plausible entitlement to the relief requested.[7] When reviewing a complaint for dismissal, the "factual allegations must be enough to raise a right to relief above the speculative level . . ."[8] In order to survive a motion to dismiss, a complaint must allege enough facts to support a claim for relief that is not just "conceivable" but "plausible on its face."[9] Bare allegations and legal conclusions and/or a "formulaic recitation of a cause of action's elements will not do."[10]

In evaluating a Rule 12(b)(6) motion, a court may take into consideration "the allegations of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account."[11] Although the Court will accept the Plaintiff's well-pleaded factual allegations when evaluating a motion to dismiss, the Court need not accept legal conclusions cast in the form of factual allegations.[12] Further, the Plaintiff may not rely upon "subjective characterizations or conclusory descriptions of a general scenario which could be dominated by unpleaded facts."[13]

## III.    ARGUMENT

**A.    U.S. Bank has Standing to Bring the Instant Judicial Foreclosure Action as the Holder of the Millis Mortgage.**

To establish its standing to foreclose, U.S. Bank must demonstrate that it is the assignee of the

---

[7] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).
[8] *Iannachino v. Ford Motor Co.*, 451 Mass. 623, 636, 888 N.E.2d 879 (2008)(quoting *Twombly*, 550 U.S. at 555).
[9] *Twombly*, 550 U.S. at 570.
[10] *Id.* at 555.
[11] *Schaer v. Brandeis University*, 432 Mass. 474, 477, 735 N.E.2d 373 (2000); *see Watterson*, 987 F.2d at 3.
[12] *See Schaer*, 432 Mass. at 477.
[13] *Id.*

Millis Mortgage,[14] and the holder/owner of the Millis Note or the authorized agent acting on behalf of the noteholder at the time that it commenced the instant action.[15] The Defendant does not dispute that U.S. Bank, as Trustee of the Trust, is the holder/owner of the Millis Note. Rather, the Defendant challenges U.S. Bank's standing to foreclose based upon its interest in the Millis Mortgage. As set forth more fully below, any scrivener's error in the description of the Trust as set forth in the Assignment of Mortgage would not deprive U.S. Bank of its standing to foreclose. Further, the Successor Trustee Affidavit is sufficient to demonstrate that U.S. Bank is the current Trustee of the Trust. Accordingly, the Defendant's Motion should be denied.

### 1.     The Verified Complaint, exhibits and documents of public record are sufficient to establish that U.S. Bank is the assignee of the Millis Mortgage.

Notwithstanding the representations set forth in the Affidavit of Invalid Foreclosure, the Corrective Assignment is sufficient to correct the scrivener's error in the description of the Trust as set forth in the Assignment of Mortgage now that the Successor Trustee Affidavit has been recorded. As set forth in the Complaint, following the prior non-judicial foreclosure sale, it was determined that the Corrective Assignment of Mortgage was insufficient to demonstrate that the Millis Mortgage had been assigned to U.S. Bank as successor Trustee of the Trust for the purposes of establishing U.S. Bank's standing to foreclose.[16] The Affidavit of Invalid Foreclosure indicates that the Corrective Assignment failed to correct the Assignment of Mortgage but does not specify the basis for this determination.[17] That said, it does not appear that the scrivener's error was material to the determination that the Corrective Assignment is invalid given that the Affidavit of Invalid Foreclosure does not explain or even acknowledge the scrivener's error or the correction thereof.[18]

In that respect, as a matter of law, neither the scrivener's error nor the correction thereof could

---

[14] *See U.S. Bank v. Ibanez*, 458 Mass. 637, 648, 941 N.E.2d 40 (2011).
[15] *See Eaton v. Fed. Nat'l Mortg. Ass'n*, 462 Mass. 569, 583-86, 969 N.E.2d 1118 (2012).
[16] *See* Compl., Exhibit F, Aff. of Invalid Foreclosure ¶ 8, ECF Doc No. 2-1 at 35.
[17] *See id.*
[18] *Cf. id.*

render the Assignment of Mortgage, the Corrective Assignment or the underlying foreclosure sale invalid. As held by the Massachusetts Appeals Court, "it takes more than a minor scrivener's error to invalidate an otherwise valid foreclosure sale."[19] Further, courts in this jurisdiction have recognized that a corrective assignment of mortgage may be used to correct scrivener's errors in the description of the trust.[20] Here, the Assignment of Mortgage describes the Trust as "Merrill Lynch Mortgage Investors Trust 2007-3, Mortgage Loan Asset-Backed Certificates, Series 2007-3;"[21] however, under Section 2.01 of the PSA, the Assignment of Mortgage should have described the Trust as "Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-3."[22] The scrivener's error is the result of the drafter describing the Trust using the name of the Depositor, which is "Merrill Lynch Mortgage Investors Trust, Inc.," as opposed to the name of the Trust itself.[23] The Corrective Assignment is sufficient to correct the scrivener's error through an accurate description of the Trust.[24]

The determination that the Corrective Assignment is invalid appears to have been based on the representations set forth in paragraphs three and four of the Affidavit of Invalid Foreclosure, which suggest that the Corrective Assignment could not affect a transfer of the Millis Mortgage to U.S. Bank as MERS had already assigned the Millis Mortgage to LaSalle Bank.[25] That the substitution of U.S. Bank in place of LaSalle Bank as Trustee was the basis for the determination that the Corrective Assignment is invalid is further informed by the fact that there were no documents

---

[19] *Com. v. Gonick*, Appeal No. 13-P-1560, 2014 WL 5470796, 18 N.E.3d 1137, at *1 (Oct. 30, 2014)(unpublished); *see Sullivan v. Kondaur Capital Corp.*, 85 Mass.App.Ct. 202, 212-213, 7 N.E.3d 1113 (2014); *Central Mortg. Co. v. Lee*, 91 Mass.App.Ct. 1121, at *4, 86 N.E.3d 246 (May 10, 2017)(unpublished); *Stebbins v. Bank of New York Mellon Trust Co., N.A.*, 325 F.Supp.3d 216, 218 (D.Mass. 2018)("[A] scrivener's error will not invalidate an assignment if there is evidence that the assignment is otherwise valid," *quoting Clockedile v. U.S. Bank Trust, N.A.*, 189 F.Supp.3d 312, 315 (D.Mass. 2016)).
[20] *See Scott v. Bank of NY Mellon Trust Co., N.A.*, Civil Action No. 24-CV-11614-AK, 2025 WL 50313, at *2 (D.Mass. Jan. 8, 2025)(unpublished).
[21] *See* Compl., Exhibit C, Assignment of Mortgage, ECF Doc. No. 2-1 at 26.
[22] *See* Exhibit 1, PSA at 71-72§§ 2.01.
[23] *Cf.* Exhibit 1 at 1 (identifying the Depositor under the PSA).
[24] *See Scott*, 2025 WL 50313, at *2.
[25] *See* Compl., Exhibit F, Aff. of Invalid Foreclosure ¶¶ 3, 4, ECF Doc. No. 2-1 at 34.

reflected in the public record at the time of the Corrective Assignment demonstrating that U.S. Bank had succeeded to the role of Trustee. Any such purported defect would be resolved by the recording of the Successor Trustee Affidavit.[26]

Moreover, even if the Corrective Assignment remains invalid and insufficient to correct the scrivener's error in the Assignment of Mortgage, such a determination would not affect U.S. Bank's standing in the instant judicial foreclosure action. In *Ibanez*, the Supreme Judicial Court ("SJC") held that an assignment of mortgage does not need to be in recordable form at the time of the foreclosure in order to demonstrate the mortgagee's standing to foreclose.[27] The SJC further recognized that the PSA together with the Mortgage Loan Schedule and the Mortgage Loan Purchase Agreement ("MLPA") would be sufficient to establish the mortgagee's interest in the mortgage being foreclosed.[28]

Here, the PSA for the Trust and the MLPA between First Franklin, the originating lender, and Merrill Lynch Mortgage Investors, Inc., the Depositor under the PSA, are sufficient to demonstrate that the Millis Mortgage Loan was sold, assigned and transferred to the Trust prior to the commencement of the instant action.[29] Although not attached as exhibits to the Complaint, the PSA and MLPA are documents of public record[30] that the Court may consider in resolving the Defendant's Motion to Dismiss.[31] Further, although the Mortgage Loan Schedule is not included in the public record and, as a result, may not be considered in resolving the Defendant's Motion to

---

[26] *See* Compl., Exhibit G, Aff. of App't. of Succ. Tr., ECF Doc. No. 2-1 at 37.
[27] *See Ibanez*, 458 Mass. at 651 ("We do not suggest that an assignment must be in recordable form at the time of the notice of sale or the subsequent foreclosure sale . . .")
[28] *See id.*
[29] *See* Exhibits 1 and 2 (a true and correct copy of the MLPA as maintained in the public records of the Securities and Exchange Commission is attached hereto and incorporated herein).
[30] Like the PSA, the MLPA is also publicly available at https://www.sec.gov/Archives/edgar/data/1398697/000095012307008664/0000950123-07-008664-index.html (last visited Apr. 2, 2025).
[31] *See Watterson*, 987 F.2d at 3; *Schaer*, 432 Mass. at 477.

Dismiss,[32] the PSA and MLPA together with the Assignment of Mortgage and Corrective Assignment of Mortgage are sufficient to plausibly suggest that the Millis Mortgage has been assigned to the Trustee of the Trust.[33] No more is required in order to survive dismissal under Rule 12(b)(6).[34]

Where, as here, the Verified Complaint, exhibits thereto and documents of public record are sufficient to plausibly suggest that the Millis Mortgage has been assigned to U.S. Bank as Trustee of the Trust, the Defendant cannot demonstrate that U.S. Bank lacks standing to bring the instant judicial foreclosure action. As such, the Defendant's Motion should be denied.

**2.      The Verified Complaint and exhibits thereto are sufficient to demonstrate that U.S. Bank is the successor Trustee of the Trust.**

Initially, the U.S. District Court has held that a successor trustee does not need to produce a new assignment of mortgage to establish its standing to foreclose where the mortgage had already been assigned to its predecessor trustee.[35] Here, MERS already assigned the Millis Mortgage to LaSalle Bank as the initial Trustee of the Trust and U.S. Bank is the successor Trustee to LaSalle Bank.[36] Accordingly, U.S. Bank is not required to produce a new assignment to itself from LaSalle Bank.[37]

To that end, in the Verified Complaint, U.S. Bank represents that it is the current Trustee of the Trust.[38] The Defendant's suggestion that U.S. Bank may not be the successor Trustee of the Trust is entirely based upon his own self-serving interpretation of the Termination of Trust Administration

---

[32] U.S. Bank will produce the Mortgage Loan Schedule in support of its anticipated Motion for Summary Judgment to the extent necessary to establish its standing to foreclose.

[33] *See* Exhibits 1 and 2; Compl., Exhibit C, Assignment of Mortgage, ECF Doc. No. 2-1 at 26; Compl., Exhibit E, Corr. Assignment of Mortgage, ECF Doc. No. 2-1 at 32.

[34] *See Twombly*, 550 U.S. at 570.

[35] *See Sampson v. U.S. Bank, N.A.*, 115 F.Supp.3d 191, 193-94 (D.Mass. 2015), *aff'd by* Appeal No. 15-2099, 2017 WL 11684537, at *1 (1st Cir. 2017).

[36] *See* Compl., Exhibit C, Assignment of Mortgage, ECF Doc. No. 2-1 at 26; Compl., Exhibit G, Aff. of App't of Succ. Tr., ECF Doc. No. 2-1 at 37; *see also* Compl., Exhibit D, Ass't Sec. Cert. of Merger, ECF Doc. No. 2-1 at 29 (reflecting the merger by and between LaSalle Bank and Bank of America, N.A.).

[37] *See Sampson*, 115 F.Supp.3d at 193-94.

[38] *See* Compl., ¶¶ 25, 26, ECF Doc. No. 2 at 5.

Agreements and Assumption of Duties and Obligations by U.S. Bank National Association ("Trust Administration Agreement") attached to the Successor Trustee Affidavit. The Defendant has not alleged, nor can he demonstrate that any other entity has attempted to administer the Trust or otherwise serve as successor Trustee at any time since the Trust Administration Agreement was executed other than U.S. Bank. The Defendant's self-serving, conclusory allegations cannot overcome the sworn testimony set forth in the Verified Complaint.

Regardless, the Defendant's interpretation of the Trust Administration Agreement is blatantly incorrect. The Trust Administration Agreement indicates that U.S. Bank is authorized to serve as successor Trustee of the trusts identified in Schedule 1 attached thereto.[39] Schedule 1 attached to the Trust Administration Agreement clearly includes "Merrill Lynch First Franklin Mortgage Loan Trust 2007-3" in the list of trusts for which U.S. Bank is authorized to serve as successor Trustee.[40] Although Schedule 1 omits "Mortgage Loan Asset-Backed Certificates" from the reference to the Trust, this language merely describes the nature of the securities issued to the Trust's Certificateholders. The Defendant has not provided any basis in fact or law sufficient to suggest that the Trust Administration Agreement would be rendered invalid or ineffective because the reference to the Trust omits the language describing the nature of the securities issued under the PSA. This is especially true given that the Defendants are neither parties nor intended third-party beneficiaries to the Trust Administration Agreement and, as a result, lack standing to challenge the scope and effect of the same.[41]

Where, as here, the Trust is included in the list of trusts for which U.S. Bank is authorized to serve as successor Trustee under the Trust Administration Agreement, the Defendant cannot

---

[39] *See* Compl., Exhibit G, Trust Admin. Agreement, ECF Doc. No. 2-1 at 39.
[40] *See id.*, Trust Admin. Agreement Sched. 1, ECF Doc. No. 2-1 at 42.
[41] *See Harvard Law School Coalition for Civil Rights v. President and Fellows of Harvard College*, 413 Mass. 66, 71, 595 N.E.2d 316 (1992)("Under Massachusetts law, only intended beneficiaries, not incidental beneficiaries, can enforce a contract.").

demonstrate that U.S. Bank lacks the authority to serve as successor Trustee of the Trust. As such, the Defendant's motion should be denied.

**B.      The Amount in Controversy Exceeds $75,000.00.**

Although the Defendant does not fully develop the argument, he appears to suggest that the amount in controversy is insufficient to confer subject matter jurisdiction upon this Court on the basis of diversity of citizenship. The Defendant appears to argue that the amount in controversy cannot be satisfied due to the nature of the claims at issue, which seek equitable relief as opposed to money damages. However, it is well-settled that "when a plaintiff seeks equitable relief, the amount in controversy is 'measured by the object of the litigation'"[42] To that end, "the amount in controversy in a foreclosure action is the [face] value of the loan amount."[43] The First Circuit has also indicated that the amount in controversy with respect to foreclosure-related claims may be determined by the unpaid balance of the mortgage loan at issue.[44]

Here, it is undisputed that the Millis Note and Mortgage reflect an initial face value of $514,000.00.[45] Further, the Verified Complaint indicates that the total debt owed under the terms of the Millis Mortgage Loan as of the date U.S. Bank commenced the instant action exceeded $1,536,826.49.[46] Accordingly, the amount in controversy exceeds the jurisdictional threshold of $75,000.00 regardless of whether it is measured by the face value of the Millis Mortgage Loan or the total debt owed thereunder.

Where, as here, the amount in controversy exceeds the jurisdictional threshold of $75,000.00,

---

[42] *Jepson v. Mortg. Elec. Reg. Sys., Inc.*, 2019 WL 1208804, at *2 (D.Mass. Mar. 14, 2019)(quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)).

[43] *Andrews v. HSBC Bank USA, N.A.*, 264 F.Supp.3d 346, 348-49 (D.Mass. 2017)(citing *McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012)).

[44] *See McKenna*, 693 F.3d at 212.

[45] *See* Compl., Exhibit A, Millis Note, ECF Doc. No. 2-1 at 1; Compl., Exhibit B, Millis Mortgage, ECF Doc. No. 2-1 at 7.

[46] *See* Compl. ¶ 10, ECF Doc. No. 2 at 2-3.

the Defendant cannot demonstrate that this Court lacks subject matter jurisdiction based on diversity of citizenship. As such, the Defendant's Motion should be denied.

### IV.    CONCLUSION

For the reasons stated above, U.S. Bank respectfully requests that the Court deny the Defendant's Motion and grant such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

U.S. Bank National Association, Successor Trustee to Bank of America, N.A., as successor to LaSalle Bank, N.A., as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Asset-Backed Certificates, Series 2007-3
By its attorneys,

Dated: April 7, 2025

/s/ Brian C. Linehan
Brian C. Linehan, Esq. (BBO #690437)
Doonan, Graves & Longoria, LLC
100 Cummings Center Suite 303C
Beverly, MA 01915
Tel. (978) 921-2670
bl@dgandl.com

### CERTIFICATE OF SERVICE

I, Brian C. Linehan, Esq., hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 7, 2025.

/s/ Brian C. Linehan
Brian C. Linehan, Esq.