UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, Successor Trustee to Bank of America, N.A., as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Asset-Backed Certificates, Series 2007-3,<br><br>         Plaintiff,<br><br>v.<br><br>MARK MILLIS, et al.,<br><br>         Defendants. | Civil Action No. 25-10373-JCB |

ORDER ON DEFENDANT'S MOTION TO DISMISS
[Docket No. 5]

December 4, 2025

Boal, M.J.

In this action, plaintiff U.S. Bank National Association ("U.S. Bank"), as Successor Trustee to Bank of America, N.A., as successor to LaSalle Bank, N.A., as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Asset-Backed Certificates, Series 2007-3 (the "Trust") seeks to foreclose on property owned by the defendant Mark Millis.  Millis has moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Docket No. 5.[1]  For the following reasons, this Court denies the motion.

---

[1] On April 10, 2025, the parties consented to the jurisdiction of a U.S. magistrate judge for all purposes.  Docket No. 11.

I.      FACTS[2]

    A.      The Note, Mortgage, And Assignments

On March 23, 2007, Millis executed and delivered a Promissory Note in the amount of $514,000 (the "Note") in favor of First Franklin Financial Corp., an Op. Sub. Of MLB&T Co., FSB ("First Franklin"). Complaint at ¶ 16; Docket No. 2-1 at 1. The Note is endorsed in blank. Complaint at ¶ 17; Docket No. 2-1 at 4. To secure the debt evidenced by the Note, Millis gave a mortgage (the "Mortgage") on property located at 110 St. Claire Street, Braintree, Massachusetts (the "Property") to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for First Franklin. Complaint at ¶ 18; Docket No. 2-1 at 7.

On June 1, 2008, MERS assigned the Mortgage to LaSalle Bank National Association as Trustee for Merrill Lynch Mortgage Investors Trust 2007-3, Mortgage Loan Asset-Backed Certificates, Series 2007-3. Complaint at ¶ 20; Docket No. 2-1 at 26-28. Effective as of October 17, 2008, La Salle Bank National Association merged with and into Bank of America, National Association ("Bank of America"). Complaint at ¶ 22; Docket No. 2-1 at 29.

On September 22, 2009, MERS executed a Corrective Assignment of Mortgage ("Corrective Assignment"), purporting to assign the Mortgage to U.S. Bank, National Association as successor Trustee to Bank of America, N.A. as successor by merger to LaSalle Bank N.A., as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-3. Complaint at ¶ 23; Docket No. 2-1 at 32-33. This Corrective Assignment was later determined to be invalid because MERS did not hold the

---

[2] Because this matter is before the Court on a motion to dismiss for failure to state a claim, the Court "recite[s] the facts as alleged in the plaintiff['s] complaint, accepting all well-pleaded facts as true and drawing all reasonable inferences in favor of the non-moving party." Abdisamad v. City of Lewiston, 960 F.3d 56, 57 (1st Cir. 2020) (quoting Squeri v. Mount Ida Coll., 954 F.3d 56, 61 (1st Cir. 2020)).

Mortgage at the time that it executed the Corrective Assignment. Complaint at ¶ 24; see also Docket No. 2-1 at 34-35.

Effective as of March 25, 2011, pursuant to a Termination and Trust Administration Agreements and Assumption of Duties and Obligations by U.S. Bank National Association ("Assumption of Duties"), Bank of America's role as Trustee of the Trust was terminated and US Bank assumed the role of Trustee. Complaint at ¶ 25; Docket No. 2-1 at 39-43.[3]

B.      Default And Attempts To Foreclose

Millis defaulted under the terms of the Note as a result of his failure to make the February 1, 2008, payment and all subsequent payments thereunder. Complaint at ¶ 19. As a result of the default, U.S. Bank attempted to conduct a foreclosure sale of the Property on October 13, 2011. Id. at ¶ 27. Following the attempted foreclosure sale, on November 14, 2011, U.S. Bank recorded a Foreclosure Deed. Id. at ¶ 28. However, because the Corrective Assignment was determined to be invalid, it was also determined that the foreclosure sale of the Property was void and of no effect. Id. at ¶ 29. On October 5, 2022, an Affidavit of Invalid Foreclosure was recorded. Id. at ¶ 30.

As a result of Millis's default, on or about December 7, 2023, Nationstar, the authorized servicer, served on Millis a Notice of 90-Day Right to Cure Your Default and Notice of Right to Request a Modified Mortgage Loan. Id. at ¶¶ 30, 31. The Note remains in default, as a result of Millis's failure to make payments. Id. at ¶ 32. Because Bank of America no longer serves as

---

[3] This Court notes that the Termination of Trust Agreements and Assumption of Duties and Obligations By U.S. Bank National Association (the "Termination Agreement") does not list the name of the Trust as pled in this action. Rather, it is listed as "Merrill Lynch First Franklin Mortgage Loan Trust 2007-3" as opposed to "Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Asset-Backed Certificates, Series 2007-3." See Docket No. 2-1 at 42; Docket No. 9 at 8. Millis disputes that the Trust was listed in the Termination Agreement. See Docket No. 5 at 5, 10.

Trustee of the Trust, U.S. Bank has been unable to obtain an assignment of the Mortgage.  Id. at ¶ 33.  However, on October 24, 2024, Nationstar recorded an Affidavit of Appointment of Successor Trustee and a copy of the Assumption of Appointment.  Id. at ¶ 33.  US Bank maintains that, as successor to Bank of America, it is the current assignee and holder of the Mortgage.  Id.

II.     ANALYSIS

  A.     This Court Has Subject-Matter Jurisdiction Over This Action

Millis suggests that this Court may not have subject-matter jurisdiction over this action because the amount in controversy does not exceed $75,000.  Docket No. 5 at 9.  "A fundamental principle of the structure of our democracy is that federal courts are courts of limited jurisdiction."  Destek Group, Inc. v. N.H. Pub. Utils. Comm'n, 318 F.3d 32, 38 (1st Cir. 2003) (citations omitted).  "The power of lower federal courts is limited to jurisdiction authorized by the Constitution and expressly conferred by Congress."  Id.  Because federal courts have limited jurisdiction, the Court never presumes jurisdiction.  Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998).  Therefore, even absent full development by Millis, this Court nevertheless addresses this argument.

Federal district courts have original jurisdiction over civil actions "when the amount in controversy exceeds $75,000 and the parties are completely diverse."  Berkley Nat'l Ins. Co. v. Atl.-Newport Realty LLC, 93 F.4th 543, 548 (1st Cir. 2024).  There is no dispute that the parties are completely diverse.  Millis is domiciled in Massachusetts and is therefore a citizen of that state.  Complaint at ¶¶ 3, 7.  See BRT Mgmt., LLC v. Malden Storage LLC, 68 F.4th 691, 695 (1st Cir. 2023).  U.S. Bank is a national banking association with its principal place of business in Cincinnati, Ohio.  Complaint at ¶ 1.  Accordingly, U.S. Bank is a citizen of Ohio for purposes

4

of diversity jurisdiction. See Peterson v. U.S. Bank Nat. Ass'n, 918 F.Supp.2d 89, 99 (D. Mass. 2013) ("[T]he Supreme Court unanimously decided that for purposes of diversity jurisdiction, a national bank is a citizen only of the state in which 'its main office, as set forth in its articles of association, is located.'").

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977). Such value "is measured . . . by the judgment's pecuniary consequences to those involved in the litigation." Richard C. Young & Co., Ltd. v. Leventhal, 389 F.3d 1, 3 (1st Cir. 2004). In cases involving foreclosures, courts have used the value of the loan amount or the amount of the unpaid balance of the mortgage at issue as the measure of the amount in controversy. See McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 212 (1st Cir. 2012). Here, the initial face value of the loan was $514,000 and the Complaint alleges that the total debt owed under the Loan and Mortgage exceeds $1,536,826.49. See Complaint at ¶¶ 10, 12, 16. Accordingly, under either measure, the amount in controversy well exceeds the $75,000 jurisdictional threshold and this Court has diversity jurisdiction over the action.[4]

### B. Motion To Dismiss For Failure To State A Claim

#### 1. Standard Of Review

A complaint must contain only "a short and plain statement of the claim showing that the

---

[4] At oral argument, Millis's counsel argued that the amount-in-controversy requirement has not been met because U.S. Bank's claims have no merit and should be dismissed. However, "[p]rovided a plaintiff's claims are 'colorable,' the court's inquiry does not focus on their probable success but rather on 'whether to anyone familiar with the applicable law [the] claim could objectively have been viewed as worth' the jurisdictional minimum." Evans v. Yum Brands, Inc., 326 F.Supp.2d 214, 221 (D.N.H. 2004) (citations omitted).

5

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the complaint "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." Abdisamad, 960 F.3d at 59 (quoting Saldivar v. Racine, 818 F.3d 14, 18 (1st Cir. 2016)). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." Id. (quoting Barchock v. CVS Health Corp., 886 F.3d 43, 48 (1st Cir. 2018)).

In assessing the sufficiency of the complaint, the "court approaches the complaint as follows: it 'isolate[s] and ignore[s] statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements,' then 'take[s] the complaint's well-plead (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see[s] if they plausibly narrate a claim for relief.'" Sonoiki v. Harvard Univ., 37 F.4th 691, 703 (1st Cir. 2022) (citing Zell v. Ricci, 957 F.3d 1, 7 (1st Cir. 2020)). "Plausible, of course, means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels us to draw on our judicial experience and common sense." Id.

2.  Standing To Foreclose

By his motion, Millis challenges U.S. Bank's standing to foreclose on the Property. See Docket No. 5 at 9-12. U.S. Bank is the proper mortgagee and may therefore foreclose on the Property if it holds both the Mortgage and the Note (or is acting on behalf of the Note holder). See Eaton v. Fed. Nat'l Mortg. Ass'n, 462 Mass. 569, 571 (2012). U.S. Bank must, therefore, demonstrate an unbroken chain of assignments in order to foreclose on the Mortgage and must also demonstrate that it holds the note or acts as authorized agent for the Note holder. Sullivan v. Kondaur Capital Corp., 85 Mass. App. Ct. 202, 210 (2014).

Endorsement of a financial instrument "in blank" makes it payable to the bearer or the person acting on the bearer's behalf. O'Brien v. Wilmington Trust Nat'l Ass'n, 506 F.Supp.3d 82, 94 n.3 (D. Mass. 2020) (citing M.G.L. c. 106, §§ 3-205(b), 3-301; Courtney v. U.S. Bank, N.A., 922 F.Supp.2d 171, 174 (D. Mass. 2013)). Here, the Note is endorsed in blank and U.S. Bank is the current possessor of the Note, making U.S. Bank the holder of the Note. See Complaint at ¶ 17; Docket No. 2-1 at 4.

Whether U.S. Bank is the current assignee of the Mortgage, however, is murkier. MERS, as nominee for First Franklin, was the first holder of the Mortgage. See Docket No. 2-1 at 7. MERS later assigned the Mortgage to LaSalle Bank, as Trustee for Merrill Lynch Mortgage Investors Trust 2007-3, Mortgage Loan Asset-Backed Certificates, Series 2007-3. Docket No. 2-1 at 26-27. Though MERS subsequently purported to execute a "corrective" assignment of the Mortgage to U.S. Bank, see Docket No. 2-1 at 32-33, that assignment was later determined to be void because MERS did not hold the Mortgage at the time of the corrective assignment. Complaint at ¶ 24.[5]

LaSalle Bank later merged into Bank of America, which became the trustee of the Trust. Complaint at ¶ 22. U.S. Bank is unable to obtain an assignment of the Mortgage from Bank of America because Bank of America no longer serves as trustee. Id. at ¶ 33. Nevertheless, U.S. Bank is the successor trustee of the Trust and, as such, it maintains it is the current assignee and

---

[5] U.S. Bank now argues that the Corrective Assignment is sufficient to correct a scrivener's error in the description of the Trust. Docket No. 9 at 4-7. In so doing, it states that the Affidavit of Invalid Foreclosure does not specify the reason for the determination that the Corrective Assignment was void. But the Complaint alleges that the reason for the invalid assignment was that MERS no longer held the Mortgage at the time of the Corrective Assignment. Complaint at ¶ 24. That appears supported by the documents attached to the Complaint. See Docket No. 2-1 at 26-28.

7

holder of the Mortgage.[6]  Id. at ¶ 33.  Accordingly, while Millis may ultimately succeed, this Court finds that U.S. Bank has pled a plausible claim that it is both the current assignee of the Mortgage and also has the authority to foreclose on the Property.

III.   ORDER

For the foregoing reasons, this Court denies Millis's motion to dismiss.

　　　　　　　　　　　　　　　　　 /s/ Jennifer C. Boal
　　　　　　　　　　　　　　　　　JENNIFER C. BOAL
　　　　　　　　　　　　　　　　　U.S. MAGISTRATE JUDGE

---

[6] Millis correctly notes that there is a question whether the plaintiff Trust is in fact the same trust which was the assignee of the Mortgage as a result of the June 1, 2008 assignment of the Mortgage.  At that time, the Mortgage was assigned to LaSalle Bank, as trustee for Merrill Lynch Mortgage Investors Trust 2007-3, Mortgage Loan Asset-Backed Certificates, Series 2007-3.  Docket No. 2-1 at 26-27.  Pursuant to the Termination Agreement, U.S. Bank became the successor trustee of the Merrill Lynch First Franklin Mortgage Loan Trust 2007-3.  Docket No. 2-1 at 42.  The Plaintiff Trust has been named as Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Asset-Backed Certificates, Series 2007-3.  Complaint at p. 1.  U.S. Bank maintains that this is a mere "scrivener's error."  See Docket No. 9 at 4.  This is a question of fact not appropriate for a motion to dismiss and Millis will have an opportunity to probe this issue in discovery.